UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JESSE BLANCO,

    Plaintiff,

    v.

KEVIN FARLEY,

    Defendant.

No. 09 CV 424
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. FACT STATEMENT

Plaintiff Jesse Blanco ("Plaintiff" or "Blanco") filed a three-count complaint against Defendant Kevin Farley ("Defendant" or "Farley") alleging (1) a violation of 42 U.S.C. § 1983, (2) assault, and (3) willful and wanton conduct inflicting severe emotional distress.

The facts of this case are undisputed. Farley is a police officer with the DuPage County Sheriff's Office. On January 22, 2007, in the early hours of the morning, Defendant made two phone calls to Plaintiff. The first phone call occurred at 1:11 a.m. Plaintiff did not answer the phone and Defendant left a voice message. In the voice message, Farley identified himself as a Detective. The voice message concerned Christine Cheeks ("Cheeks"). Cheeks is Blanco's ex-girlfriend and the two have a child together. Cheeks is also a friend of Defendant Farley. Farley warned that Plaintiff should "[l]ay off Christine, let her be the mom she deserves to be." He also stated that Blanco should "be a father and respect his mother and if you don't, I will bring a world of hurt to you." He further threatened that "I [will] have the Illinois Law Enforcement Community [to] come down on you like a f_cking cinderblock." Farley called back soon after and this time personally spoke to Plaintiff. He relayed a similar message stating that "I am a

forensic cop. I will plant drugs on you. I will do whatever I can, you know, if you don't leave Christina Cheeks alone. I will put you away for as long as I can." Plaintiff listened to the voice message following his conversation with Defendant.

## II. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has set forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmovant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

**III. DISCUSSION**

      A. Defendant Is Granted Summary Judgment As To Count I.

      Defendant argues that although his actions could be considered inappropriate and unprofessional, they do not rise to the level of a constitutional violation. Defendant is correct. Verbal threats or abuse are insufficient to state a constitutional violation pursuant to § 1983. *See Patton v. Przbylski*, 822 F.2d 697, 700 (7th Cir. 1987) ( derogatory racial remarks do not constitute a deprivation of a liberty interest within the meaning of the Due Process Clause); *Pittsley v. Warish*, 927 F.2d 3, 7-8 (1st Cir. 1991) ("[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest"); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language, and verbal harassment or abuse are insufficient grounds on which to state a constitutional deprivation pursuant to § 1983). Plaintiff alleges no facts to show that Defendant Farley acted on his verbal threats, or even continued to contact, threaten, or harass Plaintiff after January 22, 2007. Accordingly, I grant Defendant's motion for summary judgment as to count I.

      B. Defendant Is Granted Summary Judgment As To Count II.

      Pursuant to Illinois law, a person commits assault when he engages in "conduct which places another in reasonable apprehension of receiving a battery." 720 ILL. COMP. STAT. 5/12-1(a). "Ever since the fourteenth century, assault, whether civil or criminal has involved (1) a threatening gesture, or otherwise innocent *gesture* made threatening by the accompanying words, that (2) creates a reasonable apprehension of an *imminent* battery. *Kijonka v. Seitzinger*, 363 F.3d 645, 647 (7th Cir. 2004) (emphasis original). "A merely verbal threat of indefinite action in the indefinite future is not an assault." *Id.*

3

Here, Plaintiff describes one phone call, and one voice message. Although both contained strong language, a verbal threat, such as the one described by Blanco, cannot constitute an assault because it lacks both a gesture and imminence. *Kijonka*, 363 F.3d at 647. Defendant's phone calls were accompanied by no threatening gesture, and did not describe any immediate harm that would come to Plaintiff. Accordingly, Defendant's motion for summary judgment as to count II is granted.

<u>C. Defendant Is Granted Summary Judgment As To Count III.</u>

To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) that the defendant's conduct was extreme and outrageous; (2) the defendant either intended to inflict severe emotional distress or knew that there was high probability that his conduct would do so; and (3) the defendant's conduct actually caused severe emotional distress." *Cangemi v. Advocate South Suburban Hosp.*, 845 N.E.2d 792, 813 (Ill.App.Ct. 2006) (citation omitted). Liability is found only where the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *Thomas v. Fuerst*, 803 N.E.2d 619, 625 (Ill.App.Ct. 2004). Furthermore, "the distress inflicted must be so severe that no reasonable person could be expected to endure it." *Id*.

Here, Defendant admitted that he called Plaintiff and identified himself as a law enforcement officer to scare him. Defendant's threats consisted of two phone calls. Plaintiff testified that he was in fact frightened, has been scared to leave his home, and has sought treatment from Maureen Kevin, LCSW.

Plaintiff cites *Rodriguez v. City of Chicago* in opposition to Defendant's motion. No. 08 C 2095, 2008 WL 4787937, at * 5 (N.D. Ill. Dec. 9, 2009). In *Rodriguez*, the court denied

summary judgment where police officers arrested and handcuffed the plaintiff, threatened to toss her into the lake while handcuffed, and then drove her to the lakefront and opened the squadrol doors. 2008 WL 4787937, at * 5. There, the plaintiff testified that she was terrified, pleaded for her life, and urinated on her clothing. *Id*. The facts in *Rodriguez* are much more severe than those of this case. No physical contact was ever made with Plaintiff, nor have any events since the phone calls caused Plaintiff to believe that he is at risk. Courts have held that conduct upon which an action for intentional infliction of emotional distress is based must extend beyond "mere insults, indignities, threats, annoyances, petty oppressions or trivialities." *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). Likewise, although "fright, horror, grief, shame, humiliation, worry etc." may be termed emotional distress, "[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Id*. While there is no doubt that Defendant's behavior was unprofessional and unsavory, it is not so extreme and outrageous as to allow the law to intervene. Accordingly, Defendant's motion for summary judgment is granted as to count III.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: January 27, 2011